IN THE MATTER OF THE ACQUISITION BY THE RHINEBECK AND CONNECTICUT RAILROAD COMPANY (Appellants) OF THE TITLE TO CERTAIN LANDS OWNED, ETC., BY ALIDA G. RADCLIFFE ET AL., Respondents.

After the confirmation of the report of commissioners of appraisal appointed in proceedings instituted by a railroad corporation under the general railroad act (chap. 140, Laws of 1850) to acquire lands for the purposes of its road, the corporation cannot, without leave of the court, abandon the proceedings and refuse to pay the award made to the owner. Upon confirmation of the report mutual rights become vested

in the parties and the corporation cannot, of its own option, recede. The confirmation determines the rights of both parties subject only to the right of review as to the amount of appraisal.

It is not necessary, in order to conclude the corporation, that the title to the land should have vested in it under the proceedings. It is sufficient if the right to acquire it on payment of the award is fixed.

After confirmation of the report of commissioners of appraisal in such proceedings, and the making of an order as prescribed by said act (§ 17) as to payment of the award, the railroad company refused to file the papers or enter the order or to pay the award, a motion was made by the landowners to compel the filing of the papers and order, and for "other and further relief." The court made an order granting the specific relief asked in the notice of motion, and also directing the company to pay or deposit the amount of the award as directed in the order of confirmation, and in default thereof for ten days that a precept issue for its collection. *Held*, no error; that it was the right of the owner to have the papers filed, and that the awarding of a precept, in case of default, was authorized under the amendment of the general railroad act of 1854 (§ 5, chap. 282, Laws of 1854).

(Argued October 3, 1876; decided November 14, 1876.)

Appeal from order of the General Term of the Supreme Court in the second judicial department, affirming an order of Special Term, requiring the Rhinebeck and Connecticut Railroad Company and their attorney to file in the office of the clerk of Dutchess county the petition and other papers and the order of the court confirming the report of commissioners to appraise the compensation to be paid to Alida G. Radcliffe and others, the owners of real estate sought to be condemned under the general railroad act for the purposes of said company. (Reported below, 8 Hun, 34.)

Proceedings were instituted by said corporation under said act in October, 1875. Commissioners of appraisal were appointed who duly made their report, and upon motion, on the part of the corporation, the report was confirmed and the amount awarded was directed to be paid to the owners or deposited in a bank designated, to the credit of their attorney. The papers and order were taken by the attorney of the corporation, who refused to file the same, and the corporation declined to pay the award. Upon affidavit showing these

facts an order was granted requiring the corporation to show cause why the said papers should not be forthwith filed in the office of the clerk of the county of Dutchess, and why said owners "should not have such other or further relief in the premises as shall be just." The railroad company opposed upon affidavit stating, in substance, that prior to and on the day of the confirmation of the report, the attorney for the owners expressing himself dissatisfied with the award, the attorney for the corporation offered to stipulate that the award might be set aside and a new commission appointed; that the attorney for the owners desired ten days' time in which to consult and obtain consent of the owners, which was granted; that, thereupon, the order of confirmation was signed but not filed, and before the expiration of the ten days the attorney for the corporation notified the attorney for the owners that it had concluded that it would not require the land in question, and so had directed its attorney not to file the papers. The order directed the corporation and their attorney to forthwith file the papers, and directed the corporation to pay over or deposit the amount of the award as directed by the order of confirmation, and, in case of its omission so to do for ten days after service of the order, that a precept issue for the collection of the amount.

*Samuel Hand* for the appellant. The award was not filed or confirmed so as to give either party a vested right. (Laws 1850, chap. 140, § 18; *H. R. R. R. Co.* v. *Outwater*, 3 Sandf., 689.) The proceedings being incomplete the company had a right to abandon them. (*In re Wash. Park*, 56 N. Y., 144, 154.) An appeal may be taken to the General Term of the Supreme Court in any special proceedings. (Laws 1854, chap. 270, § 1; Code, § 11, sub. 3; *R. and S. R. R. Co.* v. *Davis*, 43 N. Y., 137, 147; *S., B. and N. Y. R. R. Co.*, 4 Hun, 311.)

*Frank Loomis* for the respondents. The order was not appealable to the Court of Appeals. (*N. Y. C. R. R. Co.* v.

*Marvin*, 11 N. Y., 277; *R. and S. R. R. Co.* v. *Davis*, 55 id., 145.) The order appealed from was rightfully made. (*People* v. *Cent. Bk.*, 53 Barb., 412; *In re S., B. and N. Y. R. R. Co.*, 4 Hun, 311; Laws 1854, chap. 282, §§ 5, 6; *In re N. Y. C. and H. R. R. R. Co.*, 60 N. Y., 116; *Neal* v. *P. and C. R. R. Co.*, 31 Penn., 19; *Davis* v. *N. P. R. R. Co.*, 2 Phila., 146.)

ANDREWS, J. The main question presented by this appeal is, whether after confirmation of the report of commissioners of appraisal, appointed in proceedings instituted by a railroad company, under the "act to authorize the formation of railroad corporations and to regulate the same," passed April 2, 1850, to acquire lands for the use of the road, the company may abandon the proceedings and refuse to pay the awards made to the owners, if for any reason it is not deemed for the interest of the corporation, or it elects not to complete the purchase.

*In the Matter of the Commissioners of Washington Park* (56 N. Y., 144), this court reaffirmed the doctrine of previous cases that proceedings taken by public officers or bodies for the condemnation of land for streets, or public parks under statutes authorizing the appropriation of private property for public use, on compensation being made to the owners, might, with consent of the court, be abandoned at any time before the confirmation of the report of the commissioners of appraisal. The decisions on the subject were referred to and considered in the opinion of RAPALLO, J., and he stated it to be the established doctrine, that in "street cases the corporation may be permitted to discontinue proceedings at any time before rights resulting therefrom have become vested in the property owners," and that "no such rights are vested, until the report of the commissioners is finally confirmed, and there is a final award in the nature of a judgment in favor of the property owners, for their compensation."

In none of the cases referred to in the opinion was the

precise question presented, whether proceedings could be abandoned after confirmation of the report of the commissioners of appraisal, the question in all of them being whether before that time they could be discontinued without the consent of the property owners. But it was assumed by the court in nearly all the cases that upon confirmation of the report, rights become vested in the parties respectively, and that the corporation could not thereafter recede and abandon the proceedings.

The provisions of the various statutes, considered in the cases, are by no means uniform. In some of them, as in the statute of 1813, relating to the city of New York, the corporation becomes seized of the land on confirmation of the report of the commissioners of estimate and assessment, while in others, as in the statute relating to the village of Brooklyn (chapter 155, Laws of 1827), after confirmation of the report payments is required to be made before the corporation became vested with the title or the right of possession of the lands mentioned in the report.

The statute last mentioned was under consideration in *The People* v. *Corporation of Brooklyn* (1 Wend., 318), and in *Martin* v. *Mayor, etc.* (1 Hill, 545), and in both cases, although it was not the precise point in judgment, the opinion of the court clearly was that the confirmation of the report was the point, where the discretion of the corporation to abandon the proceedings ended. The cases of *Stafford* v. *The Mayor, etc., of Albany* (6 J. R., 1; S. C., 7 id., 541) and *Hawkins* v. *The Trustees of Rochester* (1 Wend, 54) support the same conclusion.

The test of the right of a corporation, in street cases, to discontinue at any particular stage of the proceedings is, we think, under the decisions, whether "they have progressed so far as to give mutual rights to the parties." (SAVAGE, C. J., in *People* v. *Corporation of Brooklyn*, 1 Wend., 325.) If they have been carried to the point where the public has acquired a right to the land, and the landowner a right to the compensation awarded, the corporation cannot recede.

It is not necessary, in order to conclude the corporation, that the title to the land should have become vested in it under the proceedings. It is sufficient if the right to acquire it, on payment of the award, is fixed, and the duty of the corporation to pay the award is absolute. By the seventeenth section of the general railroad act, the application to confirm the report of the commissioners is to be made by the company upon notice to the parties to be affected by the proceedings, "and the court," the statute declares, "shall thereupon make an order, containing a recital of the substance of the proceedings in the matter of the appraisal, and a description of the real estate appraised, for which compensation is to be made; and shall also direct to whom the money is to be paid, or in what bank, and in what manner, it shall be deposited by the company." The eighteenth section provides that a certified copy of the order shall be recorded in the county in which the land described in it is situated, and that "thereupon, and on the payment or deposit by the company of the sums to be paid as compensation for the land, etc., the company shall be entitled to enter upon, take possession of, and use the said land for the purposes of the incorporation during the continuance of its corporate existence, etc.; and all persons who have been made parties to the proceedings shall be divested and barred of all right, estate and interest in such real estate during the corporate existence of the company." Notwithstanding the imperative language of the seventeenth section, that the company "shall give notice" of the confirmation of the report, these words have, in similar statutes, been construed as permissory merely. (*Martin* v. *Mayor, etc.*, 1 Hill, 545.)

The company, when the report of the commissioners is made, is apprised of the sum which it will be required to pay for the lands embraced in the report, and if the valuation is, in the judgment of the company, excessive, or if, for any reason, it is regarded for the interest of the corporation not to proceed further, it may decline to do so; but if the company elect to go on and apply for and procure a confirmation of the report, the relation of vendor and vendee is then estab-

lished between the parties, and the company is bound to pay the awards, or such sum as may be awarded on a second appraisal, if, on appeal by either party, as provided for in the eighteenth section, a new appraisal shall be directed. The statute does not, in express terms, impose upon the company the duty to pay the awards after confirmation of the report of the commissioners. But the court "shall," the statute declares, "direct to whom the money is to be paid," etc. It assumes that the awards are to be paid by the company to the persons, or in the manner designated in the order of the court, and the duty of the company to pay them is, we think, clearly implied. The provisions in the eighteenth section, that if, on a second appeal, the awards are increased, the difference "shall be a lien on the land appraised," and if diminished "the difference shall be refunded to the company," tend to support the conclusion that the confirmation of the first report, determines the rights of both parties, subject only to the right of review, as to the amount of the appraisal.

In this case the Rhinebeck and Connecticut Railroad Company took proceedings under the statute to acquire the lands of the respondents. Commissioners of appraisal were appointed, who made their report, and the company thereupon, upon notice, moved for its confirmation. The court, on the 18th of December, 1875, granted the motion, and made the order required by the seventeenth section of the act, which order directed, among other things, that the sum awarded to the respondents should be paid to them, or deposited in the First National Bank of Rhinebeck to the credit of their attorney. The order was not entered, and the papers on which it was granted were not filed. The company retained them, and refused to enter the order or file the papers, or to pay or deposit the amount of the award. This motion was made to compel the company to file the papers and order, and for other and further relief.

The court, after hearing the parties, made an order granting the specific relief asked in the notice of motion, and also

directing the company to pay to the respondents the amount of the award, or deposit it as directed in the order of confirmation, and in default thereof for ten days after service of the order, that a precept issue for its collection. The confirmation of the report of the commissioners of appraisal in proceedings to acquire lands by a railroad company under the general railroad act, within the principle established in the street cases referred to, creates reciprocal rights between the company and the landowners, and puts it beyond the power of the company thereafter to abandon the proceedings. The order of confirmation operates as a judgment binding both parties.

It was the right of the respondents to have the order of confirmation, and the papers upon which it was granted, filed in the proper clerk's office. The company had no exclusive right to them. The order was the evidence of the decision of the court, and with the papers upon which it was granted, should have been filed with the clerk who is the custodian of its records.

That part of the order which directs the respondent to file the report and papers, and the order of confirmation was clearly right, and we think, also, that the awarding of a precept to collect the award of the commissioners in default of the respondents' paying or depositing the same as required by the order of confirmation, was authorized under the amendment of 1854. (Laws of 1854, chap. 282; *Matter of the N. Y. C. and H. R. R. R. Co.*, 60 N. Y., 116.) The facts stated in the affidavits presented in opposition to the motion, do not show that the proceedings were abandoned by mutual consent of the parties. The attorney for the company before the order of confirmation was made, consented to give the attorney for the landowners, ten days time to consult with and obtain their consent to have the award vacated. But the attorney did not postpone the application for the order of confirmation, but procured it to be signed, and put the company in a position to enforce its claim to the land.

It is unnecessary to consider whether the court could, upon application, set aside the order and relieve the company. No such application has been made, and the question is not now before us.

The order should be affirmed with costs, without prejudice to the company to move the court for leave to abandon the proceedings, or as it may be advised.

All concur.

Ordered accordingly.